UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK LANE,

        Petitioner,

                       CASE NO. 2:17-CV-12194
v.                        HONORABLE GERSHWIN A. DRAIN

J.A. TERRIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS [9]

**I.**

Petitioner Mark Lane, currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges a prison disciplinary proceeding which resulted in his loss of twenty-seven days of good time credits. This matter is before the Court on Respondent's Motion to Dismiss the Petition. For the reasons stated herein, the Court shall GRANT Respondent's motion and DISMISS the petition under 28 U.S.C. § 2244(a) and the abuse of the writ

1

doctrine.

## II.

In 2002, Petitioner was convicted of drug and conspiracy offenses in the United States District Court for the Southern District of Indiana, and was sentenced to thirty years imprisonment and five years of supervised release. In 2015, while incarcerated at FCI-Schuylkill in Minersville, Pennsylvania, Petitioner received a prison misconduct sanction for extortion. The sanction entailed the loss of twenty-seven days of good time credit and other penalties, and was decided pursuant to a disciplinary proceeding. The extortion allegation involved a letter he wrote to an Assistant United States Attorney.

After he was transferred to the United States Penitentiary in Leavenworth, Kansas, Petitioner filed a § 2241 petition in the United States District Court for the District of Kansas challenging the disciplinary proceeding. Lane contended the following amounted to a violation of his due process rights: (1) he was not allowed to call two witnesses; (2) he was not permitted to give a verbal statement, rather he was allowed to provide a written statement; (3) the hearing officer was not impartial when the officer requested that the incident report be rewritten; and (4) the hearing officer's decision did not meet the "some evidence" standard. Petitioner also asserted in his Traverse, but not the petition, an argument grounded

in the First Amendment.

The federal district court in Kansas denied Lane's petition on the merits, finding that his due process challenges lacked merit and that his First Amendment argument was conclusory and not properly presented, *Lane v. Maye*, No. 16-CV-3105, 2016 WL 4506852 (D. Kan. Aug. 29, 2016), and the Tenth Circuit affirmed that decision, *Lane v. Maye*, 664 F. App'x 725 (10th Cir. 2016).

Petitioner dated the instant petition on July 6, 2017. Lane raises four claims in the instant petition, three of which he also asserted in the prior habeas proceedings. Specifically, the same two due process claims and First Amendment claim presented in the prior proceeding, and a new, fourth claim that Bureau of Prisons Code 204 is constitutionally deficient as void for vagueness. Respondent moved to dismiss the instant petition as an abuse of the writ on September 15, 2017, and Petitioner timely filed a reply.

### III.

Federal courts may dismiss—without addressing the merits—a petitioner's successive habeas petition if the petitioner raises challenges to his confinement already asserted in his prior habeas petition, or challenges that could have been raised in the earlier petition. Indeed, 28 U.S.C. § 2244(a) provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person

3

> pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

*See also McClesky v. Zant*, 499 U.S. 467, 483–84 (1991); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008); *Moses v. United States*, No. 95-5472, 1996 WL 132157, *1 (6th Cir. 1996); *accord Cook v. Pearce*, 639 F. App'x 283, 284 (5th Cir. 2016) (per curiam); *Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008); *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam); *Thunder v. U.S. Parole Comm'n*, 165 F. App'x 666, 668 (10th Cir. 2006). "An 'abusive petition' occurs 'where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitle[s] him to the relief he seeks.' " *Schlup v. Delo*, 513 U.S. 298, 318 n.34 (1995) (alteration in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (plurality opinion)).

A petitioner may mount a successful challenge to the government's assertion of an abuse of writ through only two avenues: by showing (1) cause to excuse the failure to raise a claim in a prior petition and actual prejudice from this failure, or (2) the existence of "a fundamental miscarriage of justice." *See McClesky*, 499 U.S. at 494–95. First, to establish cause, petitioners must demonstrate constitutionally ineffective assistance of counsel or that " 'some objective factor

external to the defense impeded counsel's efforts.' " *Id*. (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). Objective factors external to the defense include interference by officials or not reasonably available factual or legal bases for asserting a claim. *Id*. at 494. (citing *Murray*, 477 U.S. at 488). Second, the miscarriage of justice exception requires a showing that "a constitutional violation probably has caused the conviction of one innocent of the crime." *Id*. at 494. Moreover, actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

According to the above standard, the Court will dismiss Lane's petition. Lane unsuccessfully raised in the prior petition the two due process challenges that he raises here. The third claim, based on the First Amendment, fails because it was not properly raised in the initial petition, rejected by the initial habeas review court, or both. *Lane v. Maye*, No. 16-CV-3105, 2016 WL 4506852, at *6 (D. Kan. Aug. 29, 2016). Indeed, the prior habeas review court concluded that this claim was not properly raised in the initial habeas petition, and in any event, "this allegation . . . [wa]s nothing more than a formulaic recitation." *Id.* Similarly, Lane's fourth claim—that Code 204 is void for vagueness—could or should have been asserted in the prior proceeding.

No exception applies to Petitioner's case. Lane does not show cause and

actual prejudice for his failure to raise these claims in the prior proceeding, or that a fundamental miscarriage of justice has occurred. His habeas petition, then, is subject to dismissal as successive under § 2244(a) and an abuse of the writ.

### IV.

For the reasons stated herein, the Court finds that the habeas petition is subject to dismissal pursuant to 28 U.S.C. § 2244(a) and the abuse of the writ doctrine. Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss and **DISMISSES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus.

A certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED**.

Dated: December 5, 2017            /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 5, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk